# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 97-cr-00176-01-SRB |
| ) | |
| JONATHAN DOUG MULLENS, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Before the Court is Defendant Jonathan Doug Mullens's *pro se* Emergency COVID-19 Motion for Reduction in Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A) and Request for Appointment of Legal Counsel. (Doc. #307.) Upon review of the record, Defendant's motion is DENIED.

On June 26, 1998, Defendant pled guilty to Count 1 of a second superseding indictment. Count 1 charged Defendant with conspiracy to manufacture and distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A). The Court sentenced Defendant to a term of life in prison, though Defendant's term of imprisonment was subsequently reduced to 360 months. According to the Government, Defendant's current date of release is May 27, 2023.

On July 20, 2020, Defendant filed a request for compassionate release to the Warden at the Federal Medical Center ("FMC") Butner. On August 25, 2020, a senior physician assistant found that Defendant "does not have a terminal illness, at present, with life expectancy of less than 18 months. [Defendant] does not have a debilitating medical condition, suffer from chronic or serious medical conditions related to the aging process, experiencing deteriorating mental or physical health that substantially diminishes their ability to function in a correctional facility." (Doc. #310, p. 2.) On September 2, 2020, the Warden denied Defendant's request.

On October 19, 2020, Defendant filed the pending motion for compassionate release. Defendant moves for a compassionate release in light of health concerns regarding COVID-19. Specifically, Defendant argues that he suffers from certain medical conditions, including hypertension and hepatitis C, which place him at a high risk of severe illness. Defendant also argues in part that he has been a "model inmate," that he has taken educational and programming classes while incarcerated, and that his institutional facility has a high number of COVID-19 cases. Defendant also emphasizes that he has served most of his term of imprisonment, and that he has a viable home plan to live with his daughter. Defendant filed a reply brief in support of his motion. (Doc. #314.) The Government argues that the record does not support a compassionate release.

Generally, a court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). However, a defendant with extraordinary and compelling reasons may be entitled to a compassionate release under 18 U.S.C. § 3582(c). The First Step Act of 2018 modified compassionate release under 18 U.S.C. § 3582 to state:

> [T]he court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that – (i) extraordinary and compelling reasons warrant such a reduction; or (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g); and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

18 U.S.C. § 3582(c)(1)(A) (emphasis added). The movant bears the burden of proving he has satisfied the procedural prerequisites for judicial review and that extraordinary and compelling

2

Case 4:97-cr-00176-SRB   Document 315   Filed 12/28/20   Page 2 of 3

reasons justify a sentence reduction. *United States v. Dickerson*, No. 1:10-CR-17-HEA, 2020 WL 2841523, at *1 (E.D. Mo. June 1, 2020) (citation omitted).

Here, and assuming Defendant has fully exhausted his administrative remedies, the Court finds no extraordinary and compelling reason to reduce his sentence. The Government argues that Defendant:

> does not have a terminal illness/suffer from any physical or mental condition that substantially diminishes his ability to provide self-care within the correctional facility, etc. Further, although the defendant asserts he suffers from hypertension, Hepatitis C, hyperlipidemia, and an enlarged prostate, these conditions are not one of the identified CDC medical conditions that places the defendant at an increased risk for severe illness from COVID-19.

(Doc. #310, p. 9.)

Upon review of the record, the Court agrees with the Government. Although the Court is sensitive to the magnitude of the COVID-19 pandemic and the serious health concerns it presents, Defendant's age and apparent health condition do not rise to the level of extraordinary and compelling circumstances warranting a sentence reduction. Defendant has also not established that the § 3553(a) factors support a release. *See* 18 U.S.C. § 3582(c)(1)(A). Although the Court commends Defendant for his attempts at rehabilitation, he has not satisfied the requirements for a compassionate release.

Accordingly, it is ORDERED that Defendant Jonathan Doug Mullens's *pro se* Emergency COVID-19 Motion for Reduction in Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A) and Request for Appointment of Legal Counsel (Doc. #307) is DENIED. Defendant's request for home confinement is also denied.

**IT IS SO ORDERED.**

/s/ Stephen R. Bough
STEPHEN R. BOUGH, JUDGE
UNITED STATES DISTRICT COURT

Dated: December 28, 2020